**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Fernando DIAZ–SALAS,**
**Defendant–Appellant.**

No. 03–50568.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 2004.

Ellen A. Lockwood, Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for plaintiff–appellee.

Robert R. Harris, El Paso, TX, for defendant–appellant.

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Jesus Fernando Diaz–Salas appeals his jury trial convictions for importation of more that 100 kilograms of marijuana and possession with intent to deliver more than 100 kilograms of marijuana. Diaz argues on appeal that the evidence is insufficient to show that he had knowledge that the marijuana was in a hidden compartment in the trailer he was towing and that the district court erred in instructing the jury on deliberate ignorance.

There was testimony that Diaz suspected that the trailer might contain drugs, that he never requested an X-ray, that Diaz had looked inside the trailer before approaching the border and that the alterations were obvious to the inspecting officer, that Dias was hesitant in answering the X-ray inspector's questions, and that the trailer contained marijuana worth at least $1,000,000. Viewing the evidence in the light most favorable to the verdict and accepting the jury's credibility determinations, we conclude that there was sufficient evidence to support Diaz's convictions. *See United States v. Chavez,* 119 F.3d 342, 347 (5th Cir.1997); *United States v. Loe,* 262 F.3d 427, 432 (5th Cir.2001).

The evidence at trial raised the inferences necessary to support the district court's decision to instruct the jury on deliberate ignorance. *See United States v. Lara–Velasquez,* 919 F.2d 946, 951 (5th Cir.1990).

AFFIRMED.

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be